| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: __12/08/2021__ |
| STRIKE 3 HOLDINGS, LLC,<br>    Plaintiff,<br> -against-<br>JOHN DOE, subscriber assigned IP address 209.122.245.3,<br>    Defendant. | 21-CV-10094 (LAK) (BCM)<br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

  Plaintiff Strike 3 Holdings, LLC (Strike 3) brings this action against an individual identified only as "John Doe subscriber assigned IP address 209.122.245.3" (Doe). Strike 3 alleges that Doe "has been recorded infringing" its copyright on "28 movies over an extended period of time," Compl. (Dkt. No. 1) ¶ 4, using the BitTorrent protocol, and seeks damages for copyright infringement pursuant to 17 U.S.C. § 504. By motion dated December 4, 2021 (Dkt. No. 8), plaintiff seeks an *ex parte* order, pursuant to Fed. R. Civ. P. 26(d)(1), permitting it to serve a subpoena on RCN, an entity it believes to be Doe's internet service provider (ISP), which would permit it to identify Doe by name and address. For the reasons stated below, plaintiff's motion will be granted.

**I.  BACKGROUND**

  Plaintiff Strike 3 is a Delaware limited liability company and a producer of adult motion pictures, which it distributes on DVDs and through subscription websites. Compl. ¶¶ 3, 14. Plaintiff's films are apparently quite popular: plaintiff alleges that it receives millions of unique visitors each month to the websites that it uses to distribute its films, and that its DVDs are "the number one selling adult DVDs in the United States." *Id.* ¶¶ 3, 16. However, this popularity has resulted in "a major problem with Internet piracy. . . . Strike 3's motion pictures are among the most pirated content in the world." *Id.* ¶ 19. Much of the piracy takes place over BitTorrent, which

is "a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users." Compl. ¶ 20. Plaintiff alleges that Doe has unlawfully "downloaded, copied, and distributed" 28 of its movies, using BitTorrent, on various dates from February 17, 2021 through November 12, 2021. *Id.* ¶ 46 & Ex. A. Plaintiff further alleges that it owns the registered copyrights for all 28 of those movies. *Id.* ¶ 48.

In order to police and enforce its copyrights, plaintiff developed an "infringement detection system," VXN Scan, through which it "record[s] numerous infringing BitTorrent computer transactions in the form of PCAPs," or packet capture files. Williamson Decl. (Dkt. No. 9-1) ¶¶ 40, 59. The PCAPs evidence particular IP addresses that connect to Strike 3's BitTorrent "client" and send that client "pieces of a computer file (which contains an infringing copy of Plaintiff's works)[.]" *Id.* ¶ 59. Additionally, plaintiff engaged the services of Patrick Paige, an experienced computer forensics consultant, "to individually analyze and retain forensic evidence captured by its infringement detection system." Paige Decl. (Dkt. No. 9-2) ¶ 12.

As relevant to this case, Paige attests that he received a PCAP from Strike 3 containing information relating to a specific transaction, initiated on November 12, 2021, in which IP address 209.122.245.3 (that is, the IP addressed subscribed to by Doe) "uploaded a piece or pieces of a file corresponding to" a specific "info hash" used by BitTorrent to identify and locate the other "pieces of the desired file[.]" Paige Decl. ¶¶ 18-20, 22. In this case the "desired file" was the movie identified as "Work No. 1" on Exhibit A to the Complaint. *Id.* ¶ 26. Thus, according to Paige, the PCAP "is evidence which supports the allegation that IP address 209.122.245.3 engaged in a transaction that included the transmission of a piece or pieces of a file, in response to a request for

2

data relating to" Work No. 1. Paige Decl. ¶ 26. Paige adds that Doe's ISP, RCN, "is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 209.122.245.3 during the time of the alleged infringement." *Id*. ¶ 28.

## II.   DISCUSSION

Fed. R. Civ. P. 26(d)(1) prohibits parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f),"unless specifically authorized to do so either by the federal rules, by stipulation, or by court order. Rule 26(d)(1) requires a party seeking early discovery to make "some showing of good cause . . . to justify such an order." Charles Alan Wright & Arthur R. Miller, 8A Fed. Prac. & Proc. § 2046.1 (3d ed.); *see also Digital Sin, Inc. v. Does 1-27*, 2012 WL 2036035, at *3 (S.D.N.Y. June 6, 2012) (quoting *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)) (courts have "applied a 'flexible standard of reasonableness and good cause' to determine whether expedited discovery is appropriate"). In the context of alleged copyright infringement by anonymous individuals over the internet, courts in this District regularly assess five factors identified by the Second Circuit in determining whether to grant permission for expedited discovery under Fed. R. Civ. P. 26(d)(1):

> (1) the plaintiff's ability to make out a prima facie showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the Defendant's expectation of privacy.

*Strike 3 Holdings, LLC v. Doe*, 2018 WL 2229124, at *2 (S.D.N.Y. Apr. 25, 2018) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)). Here, each of these five factors supports plaintiff.

*First*, plaintiff has made a *prima facie* showing of copyright infringement. A plaintiff shows a *prima facie* case of copyright infringement by demonstrating (1) that it owns a valid copyright; and (2) unauthorized copying by the defendant. *Strike 3*, 2018 WL 2229124, at *2.

3

Plaintiff asserts, through the Williamson and Paige declarations, that it owns valid copyrights in the adult films at issue, and that defendant has engaged in unauthorized copying of at least one of them. *Second*, the discovery request is very limited: plaintiff seeks only the "true name and address" of defendant Doe. Pl. Mem. (Dkt. No. 9) at 2. The third and fourth factors similarly favor plaintiff. Paige, who has extensive experience in computer forensics, attests that RCN "is the only entity that can correlate the IP address to its subscriber and identify Defendant[.]" Paige Decl. ¶ 28. Without knowing the identity of the defendant, there would be no way for plaintiff to pursue this litigation. Finally, as courts in this District have repeatedly held, "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media LLC v. Doe*, 2019 WL 297607, at *3 (S.D.N.Y. Jan. 23, 2019) (quoting *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013)).

  The Court will therefore grant Strike 3's application, subject to certain conditions, described below, to protect the subscriber associated with the relevant IP address from harassment or unnecessary embarrassment. The Court notes that "the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection. There is a real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations." *Patrick Collins, Inc. v. Does 1-4*, 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012).

  It is hereby **ORDERED** that plaintiff may serve RCN with a Rule 45 subpoena to obtain defendant Doe's name and mailing address only. Plaintiff shall not seek defendant's email address by subpoena or otherwise. Plaintiff may not serve a Rule 45 subpoena on any other ISP without further order of the Court.

It is further **ORDERED** that plaintiff may use defendant's name and address for the purpose of this litigation only. Plaintiff shall not disclose, or threaten to disclose, defendant's name, address, or any other identifying information (other than defendant's IP address) that plaintiff may subsequently learn. Defendant, once identified, will be permitted to litigate this case anonymously unless and until this Court orders otherwise, after defendant has had notice of and an opportunity to challenge the proposed disclosure. Therefore, plaintiff shall not publicly file any of defendant's identifying information, beyond his or her IP address, and must file all documents containing Doe's name or other such identifying information under seal.

It is further **ORDERED** that plaintiff shall serve a copy of this Order upon RCN, along with the subpoena, and shall file proof of such service on the docket.

It is further **ORDERED** that within 45 days of the date of service of the Rule 45 subpoena upon it, and at least 30 days before providing any responsive information to plaintiff, RCN shall serve defendant Doe – its subscriber – with a copy of the subpoena and a copy of this Order. RCN may serve Doe using any reasonable means, including written notice sent to his or her last known mailing address, transmitted by first class mail or overnight service.

It is further **ORDERED** that defendant Doe shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). RCN may not turn over defendant's identifying information to plaintiff before the expiration of this 30-day period. Additionally, if defendant or RCN files a motion to quash or modify the subpoena, RCN may not turn over any responsive information to plaintiff until the issues have been addressed and the Court issues an order.

It is further **ORDERED** that RCN shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

It is further **ORDERED** that RCN shall confer with plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If RCN receives a subpoena and elects to charge for the cost of production, it shall provide a billing summary and cost report to plaintiff.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 8.

Dated: New York, New York
      December 8, 2021                    **SO ORDERED.**

                                      **BARBARA MOSES**
                                      **United States Magistrate Judge**